**BRADLEY FACTOR, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 95–1147–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

April 8, 1997.

---

Peter L. Pollock, Jr., Akerman, Senterfitt & Eidson, P.A., Orlando, FL, for plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, John A. Galotto, U.S. Dept. of Justice, Tax Division, Washington, D.C., for defendant.

### AMENDED ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions and responses:

1. Motion of Defendant United States of America (hereinafter "United States") for Judgment on the Pleadings (Dkt.14).

2. Plaintiff The Bradley Factor, Inc's (hereinafter "Bradley Factor") Memorandum of Law in Opposition to Motion for Judgment on the Pleadings (Dkt.17).

The purpose of this amended order is to correct scrivener's errors only.

### FACTUAL BACKGROUND

The following facts, as to which there is no dispute, are pertinent to the Court's consideration of this motion.

On or about August 21, 1992, Medical Resources International (hereinafter "MRI") executed and delivered to Southern Commerce Bank (hereinafter "Bank") a Renewal Promissory Note (hereinafter "Note") in the amount of $157,880.57 (Dkt.2, Ex. A). In addition, a security agreement was executed by MRI to secure payment of the Note (Dkt.2, Ex. A). The security agreement granted Bank a security interest in all of MRI's equipment and fixtures. On December 22, 1988, Bank perfected a security interest in MRI's equipment by filing a Uniform Commercial Code (hereinafter "U.C.C.") Form One Financing Statement with the Secretary of the State of Florida (Dkt.2, Ex. B). On or about August 25, 1992, Thomas L. Wilson (hereinafter "Wilson"), Bank's President, issued a letter (hereinafter "Letter") to MRI indicating that one glove-making machine (hereinafter "Machine") was to be excluded from the collateral described in the security agreement (Dkt.2, Ex. C). The letter to MRI from Wilson was not filed with the Secretary of the State of Florida. On or about November 12, 1993, Bank assigned its right, title, and interest in the Note and security agreement to Bradley Factor. Subsequently, Bradley Factor became the owner and holder of the Note, including the security agreement. On or about March 10, 1993, the Internal Revenue Service filed a Notice of Federal Tax Lien against MRI with the Secretary of the State of Florida in the amount of $99,382.80 (Dkt.2, Ex. E).

### STANDARD OF REVIEW

The United States brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which, in part, states: "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." On a motion for judgment on the pleadings, the Court must review the pleadings in the light most favorable to the nonmovant. The Court may grant the motion only if it appears beyond a doubt that the nonmovant can prove no set of facts in support of his claim which would entitle him to relief, or if material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings. *Hallberg v. Pasco County.* Fla., 1996 U.S. Dist. LEXIS 4161, 1996 WL 153673 (M.D.

Fla.1996) (citing *Park Center, Inc. v. Champion Int'l Corp.*, 804 F.Supp. 294 (S.D.Ala. 1992)).

## DISCUSSION

### I. Issues of Fact

█ Bradley Factor contends that there is a genuine issue of material fact that precludes this Court from granting United States' Motion for Judgment on the Pleadings. Bradley Factor contends Bank denied that the August 25, 1992 letter was a release. However, upon an examination of the pleadings, this Court can find no such denial. Moreover, it is an undisputed fact that Bank issued a letter to MRI indicating that the Machine was not included in the collateral as part of the security agreement. The Court finds that the material facts are undisputed and judgment on the merits is possible by merely considering the contents of the pleadings.

### II. Effective Release

All parties agree that the only issue before this Court is to determine whether Bradley Factor possesses a security interest in the Machine that would give them priority over United States. The threshold question that the Court must examine is whether or not Bradley Factor has a security interest in the Machine. The Internal Revenue Code Section 6323(h) defines a security interest as:

"[A]ny interest in property acquired by contract for the purpose of securing payment or performance of an obligation or indemnifying against loss or liability. A security interest exists at any time (A), if at such time, the property is in existence and the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation, and (B) to the extent that, at such time, the holder has parted with money or money's worth."

United States contends that Bradley Factor does not possess a security interest in the Machine. United States argues that because Bank relinquished its contractual interest in the Machine, Bank had no rights in the Machine to assign to Bradley Factor. Section

679.406. *Fla. Stat.* (1996), in part, states: "[a] secured party of record may by his signed statement release all or part of any collateral described in a filed financing statement." The financing statement filed by Bank includes all equipment, fixtures, inventory and documents belonging to MRI (Dkt.2, Ex. B). This undoubtedly included the Machine. Furthermore, it is an undisputed fact that Bank issued to MRI the letter excluding the Machine as collateral.

[4] Bradley Factor contends that for a release to be effective under Section 679.406, Fla. Stat. (1996), the release must be filed with the Secretary of State. This Court does not agree. The official comment to U.C.C. Sec. 9–406 states:

Like the preceding section, this section provides a permissive device for noting of record any release of collateral. There is no requirement that such a statement be filed when collateral is released (cf. Section 9–404 on Termination Statements). It is merely a method of making the record reflect the true state of affairs so that fewer inquiries will have to be made by persons who consult the files.

It is clear, by the plain language of the code section and its comment, that the filing of a release under Section 9–406 of the U.C.C., or its Florida counterpart, Section 679.406, it is not mandatory.

█ Furthermore, Bradley Factor contends that the Release issued by Bank is not effective because it did not comply with the language of Section 679.406, which, in part, states:

"The statement of release is sufficient if it contains a description of the collateral being released, the name and address of the debtor, the name and address of the secured party, and the file number of the financing statement."

Bradley Factor correctly points out that there is no reference to the financing statement's file number contained in the letter. The question then becomes whether the Court should adopt the strict application of the statute. If so, the failure to reference the financing statement's file number is fatal, and the Bank's release is ineffective. Be-

cause this issue is one of first impression before the Court, there is no controlling law on which to rely. Therefore, this Court will look to other courts who have decided this issue, or a similar issue, for guidance. One court that has considered this issue has held that "it is clear that the omission of the financing statement number does not alter the legal effect of the lien waivers." *Bar C Cross Farms & Ranches, Inc. v. Colorado–Kansas Grain Co.*, 48 B.R. 976, 979 (D.Col. 1985). The *Bar C Cross Farms* court reasoned that since Section 9–406 did not require that the release be filed with the Secretary of State then the failure to reference the financing statement should not be fatal. This Court agrees.

■ The next step in the United States' argument is that the contractual rights assigned to Bradley Factor were no greater than those possessed by Bank. Section 679.318, *Fla.Stat.* (1996), in part, states:

"[T]he rights of an assignee are subject to ... (1) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and ... (2) any other defense of claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."

Therefore, to the degree that the release is effective against Bank, it is also effective against the assignee, Bradley Factor. Since the release served to exclude the machine from the collateral in the financing statement, MRI had no interest to assign Bank.

Bradley Factor contends that it was a "good faith purchaser for value" and as such should have priority over United States. However, Bradley Factor points to no statutory authority or case law which supports its position. This Court is not persuaded by Bradley Factor's argument. Accordingly, it is

**ORDERED** that the Motion for Judgment on the Pleadings (Dkt.14) be **granted.**